UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ANGEL R. BEVERLY**, <br><br> Plaintiff, <br><br> vs. <br><br> **SHERMETA LAW GROUP, PLLC, WILLIAM BEAUMONT HOSPITAL A/K/A BEAUMONT HEALTH SYSTEM**, <br><br> Defendants. | 2:19-CV-11473-TGB <br><br><br> **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

Plaintiff alleges Defendants violated federal and state debt collection laws by trying to collect the same hospital bill twice. But both the Amended Complaint and Defendants' response make reference to the bills, and an examination of those bills shows conclusively that Plaintiff owed Defendants two unique debts for two separate hospital bills pertaining to two separate patients—so it is indisputable that Defendants did not attempt to collect multiple times on the same debt. This makes Plaintiff's claim completely implausible, so the Amended Complaint will be dismissed.

## I. Facts

On July 9, 2013, Plaintiff Angel R. Beverly gave birth to her son Amir Beverly at a hospital operated by Defendant Beaumont Hospital (Beaumont). Am. Compl., ECF No. 11 ¶ 12, PageID.81. Plaintiff incurred a series of hospital bills in connection with the birth of Amir, totaling $1,791.81. Ex. 1, Def's Mot. to Dismiss, ECF No. 12-2, PageID.122. One of the bills pertained to services rendered to Amir specifically (as opposed to his mother, Plaintiff), and was given the account number 50151682001. *Id.*

On June 19, 2014, Plaintiff gave birth to a second child, Amaree Beverly, also at a hospital operated by Defendant Beaumont. Am. Compl. ¶ 12, ECF No. 11, PageID.81. Plaintiff's bills associated with the delivery of Amaree totaled $1,885.41. Ex. 5, Def's Mot. to Dismiss, ECF No. 12-6, PageID.148. The account number for the bill associated with services rendered to Amaree was 51499042001. Ex. 4, Def's Mot. to Dismiss, ECF No. 12-5, PageID.137.

On April 27, 2015, Defendant Beaumont filed a lawsuit against Plaintiff, seeking to collect on the outstanding $1,791.81 debt Plaintiff owed for the delivery of her first child, Amir. Ex. 2, Def's Mot. to Dismiss,

2

ECF No. 12-3, PageID.130–31. On September 28, 2015, Plaintiff entered a consent judgment with Defendant Beaumont, whereby Plaintiff agreed to pay off the $1,791.81 debt associated with the birth of Amir, plus an additional $100.20 in costs, in installments of $30 per month. Ex. 3, Def's Mot. to Dismiss, ECF No. 12-4, PageID.135. In the consent agreement, Beaumont agreed not to garnish Plaintiff's wages as long as Plaintiff continued to make payments. *Id.*

On July 17, 2018, Defendant Shermeta Law Group, on behalf of Defendant Beaumont, filed a lawsuit against Plaintiff seeking payment for the still outstanding $1,885.41 Plaintiff owed for the birth of her second child, Amaree. Ex. 5, Def's Mot. to Dismiss, ECF No. 12-6, PageID.148.

## II. Allegations of the Complaint

On August 14, 2019, Plaintiff filed an amended complaint alleging that Defendants' second lawsuit, "which included account number 2001[,] [is] for a debt which Plaintiff Beverly is currently paying in lawsuit #1." Am. Compl., ECF No. 11 ¶ 16, PageID.81. Plaintiff contends that "Defendant Shermeta's false representation that Plaintiff Beverly had an outstanding balance on account number 2001 was an unfair and

deceptive attempt to collect this debt" in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, the Michigan Collection Practices Act (MCPA), Mich. Comp. Laws § 445.251 *et seq.*, and the Michigan Occupational Code (MOC), Mich. Comp. Laws § 339.915 *et seq*. *Id.* ¶¶ 26–29. Plaintiff alleges that she suffered emotional distress as a result of the Defendants' actions. *Id.* ¶ 30.

### III. Contentions

Defendants move to dismiss the complaint, or in the alternative, for summary judgment against Plaintiff. ECF No. 12. Defendants first contend that Plaintiff lacks standing to bring this action because Plaintiff has not suffered any injury that the law recognizes. Second, Defendants correctly point out that the collection efforts pertain to two separate bills. The first, now-settled lawsuit was filed to collect on the debt owed for services rendered in connection with Plaintiff's first child, and the second lawsuit was filed to collect on the debt owed for services rendered in connection with the delivery of Plaintiff's second child. Defendants argue that because the second lawsuit validly seeks to collect on a separate outstanding debt, Plaintiff both suffered no injury and Defendants did not violate federal or state debt collection laws.

4

In responding to the Defendants' motion, Plaintiff appears to abandon the gravamen of her complaint, that the second lawsuit is an attempt to collect the same debt twice, and pivots to another position that was actually suggested by the Defendants' first motion to dismiss—which argued that the doctrines of res judicata and collateral estoppel did *not* prevent Defendants from collecting on Plaintiff's outstanding debt from the birth of her second child. ECF No. 14. Taking this cue, Plaintiff argues in response that actually res judicata and collateral estoppel should bar the second suit because the first lawsuit was filed after the June 2014 birth of Amaree, and Defendants could have included the second debt in the first lawsuit over the previous debt but did not. Plaintiff then contends that the doctrine of collateral estoppel barred Defendants' second lawsuit because "Case#2 had the same account number 2001 and Defendants sued again on that account number." *Id.* at PageID.158.

IV. **Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). "To survive a motion to

5

dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This presumption is not applicable to legal conclusions, however. *Iqbal*, 556 U.S. at 668. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

## V. Discussion

### a. Consideration of Exhibits Attached to Defendants' Motion to Dismiss

In the Motion to Dismiss, Defendants attach as exhibits Plaintiff's invoices from the 2013 birth of Amir (Ex. 1), the 2014 birth of Amaree (Ex. 4), the complaint from Defendants' first lawsuit (Ex. 2), the consent judgment settling the first lawsuit (Ex. 3), and the second complaint filed by Defendant Shermeta on behalf of Defendant Beaumont (Ex. 5).

As a general rule, matters outside the pleadings may not be considered in ruling on a 12(b)(6) motion to dismiss unless the motion is converted to one for summary judgment under Federal Rule of Civil Procedure 56. *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997). "There are, however, exceptions to this general rule. Documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999), *abrogated on other grounds by Swierkiewicz v. Sorema N. A.*, 534 U.S. 506 (2002).

In this case, the Amended Complaint refers to the delivery of Plaintiff's two children (ECF No. 11 ¶ 12), the medical debt incurred by

7

Plaintiff "which included account number 2001" (*Id.* ¶ 13), "lawsuit # 1" (*Id.* ¶ 14), the "Consent Judgment on 9/25/15 in Lawsuit #1" (*Id.* ¶ 15), and "Lawsuit #2" (*Id.* ¶ 16). Since all five of Defendant's exhibits were referenced by Plaintiff in the Amended Complaint, the Court finds that the five exhibits contain documents that are central to Plaintiff's claim and were incorporated by reference into the Amended Complaint. The Court therefore considers them in its 12(b)(6) analysis.

**b. Standing**

Plaintiff alleges she was injured when she suffered emotional distress upon learning that the Defendants were trying to collect on the same debt twice. Defendants contend that Plaintiff could not have suffered any cognizable injury because Defendants were not, in fact, attempting to collect on the same debt twice.

To establish standing, Plaintiff must show three things: (1) that she suffered an injury, (2) caused by the Defendants, (3) that a judicial decision could redress. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). With regard to the first prong, "[t]here is a difference between failing to establish the elements of a cause of action and failing to show an Article III injury. One is a failure of proof. The other is a failure of

8

jurisdiction. Yes, there can be overlap between the two inquiries. But they are not one and the same." *Huff v. TeleCheck Servs., Inc.*, 923 F.3d 458, 462 (6th Cir. 2019).

Here, Defendants contend Plaintiff could not have suffered a cognizable injury because Defendants' conduct did not violate federal or state debt collection laws. This argument, while closely related to the question of standing, is ultimately a question of proof. Assuming Plaintiff proves the Defendants violated the FDCPA and state law when they filed the second lawsuit, Plaintiff alleges she suffered emotional distress as a result of the Defendants' violative conduct. Plaintiff contends this emotional distress is sufficiently concrete and particularized to confer Article III standing. On this question of law, it is unclear whether Plaintiff's position is correct. Indeed, as the Sixth Circuit recently stated, "[i]t is far from clear that a bare allegation of anxiety is a concrete injury[,]" the Sixth Circuit then went on to note that it was aware of no FDCPA case in this circuit holding that it was sufficient. *Buchholz v. Meyer Njus Tanick, PA*, No. 18-2261, 2020 WL 35431, at *4 (6th Cir. Jan. 3, 2020). That being said, the Court in *Buchholz* declined to decide whether a bare allegation of anxiety is enough for Article III standing,

9

and because the Amended Complaint is fatally flawed in other respects, the Court assumes without deciding that Plaintiff's alleged psychological injury is sufficient to confer standing in this case.

### c. FDCPA Claim

Plaintiff alleges that Defendants violated the FDCPA with the "false representation" that "Plaintiff Beverly had an outstanding balance on account number 2001" which allegedly "materially misled Plaintiff . . . as to her rights under the FDCPA[.]" Am. Compl., ECF No. 11 ¶ 29, PageID.83.

The FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Specifically, the FDCPA prohibits "[t]he false representation of the character, amount, or legal status of any debt." § 1692e(2)(A).

In this case, Plaintiff's FDCPA claim is belied by the underlying circumstances and documents. Plaintiff gave birth to two children approximately eleven months apart. Plaintiff incurred two separate sets of hospital bills. In the first set, for the July 9, 2013 delivery of Amir, was a bill issued by Beaumont with the full account number

10

"5015168*2001*" (emphasis added). At the top of the bill it states "Patient: Beverly, Amir." ECF No. 12-2, PageID.127. In the second set, for the June 19, 2014 delivery of Amaree, was a bill with the full account number "5149904*2001*" (emphasis added). At the top of the bill it states "Patient: Amaree C Beverly." ECF No. 12-5, PageID.137. They are separate bills for separate services. It appears to be a coincidence that both eleven-digit account numbers end in the last four digits "2001". Plaintiff's allegation that these two separate bills are for the same debt and Plaintiff's repeated references to these distinct and uniquely-numbered accounts as if they were the same "account number 2001" is both misleading and incorrect. Am. Compl., ECF No. 11 ¶ 16, PageID.81. The documents clearly establish that they are not the same debt and do not have the same eleven-digit account number. Because they are different debts, Plaintiff has failed to plausibly allege that Defendants used "any false, deceptive, or misleading representation[s]" in the collection of Plaintiff's debt. *See* 15 U.S.C. § 1692e. Accordingly, Plaintiff has failed to plausibly allege a violation of the FDCPA.

### d. Res Judicata and Collateral Estoppel

In opposition to Defendants' Motion to Dismiss, Plaintiff, apparently conceding that there are in fact two separate debts, argues that the doctrine of res judicata bars collection of the second debt because it "could have been resolved" in the first lawsuit. ECF No. 14, PageID.156.

"Federal courts must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering state." *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007) (citing 28 U.S.C. § 1738). Defendant's prior litigation took place in Michigan, which employs a "broad view of res judicata," *In re MCI Telecommunications Complaint*, 596 N.W.2d 164, 183 (Mich. 1999), that "'bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first," *Abbott*, 474 F.3d at 331 (quoting *Adair v. State*, 680 N.W.2d 386, 396 (Mich. 2004)). Res judicata "bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Id.* (internal quotation marks

omitted). "Whether a factual grouping constitutes a transaction for purposes of res judicata is to be determined pragmatically, by considering whether the facts are related in time, space, origin or motivation, [and] whether they form a convenient trial unit." *Adair*, 680 N.W.2d at 398 (internal quotations omitted; emphasis and alteration in original). The burden of proving res judicata is on the party asserting it. *Abbott*, 474 F.3d at 331.

In this case, the two debts arise from the birth of two different children approximately eleven months apart. The debts did not accrue at the same time, were not for identical services, were not for identical amounts, and clearly stated on each invoice that they pertained to services rendered to different children. By any definition, the debts were not related in time, space, or origin because they arose from wholly separate transactions. Consequently, res judicata, which includes the concept of collateral estoppel, does not bar the Defendants from seeking to collect on Plaintiff's outstanding debt for services rendered in connection with Plaintiff's second child, Amaree.

### e. State Claims

Plaintiff alleges Defendants' efforts to collect on Plaintiff's second outstanding debt also violates Michigan state law under the MCPA and the MOC. Both statutes are substantively similar and generally prohibit false or misleading representations in the process of collecting a debt. Plaintiff alleges that Defendants violated the MCPA and MOC when Defendants filed the second lawsuit, seeking to collect on Plaintiff's second debt. Am. Compl., ECF No. 11 ¶¶ 26–28, PageID.83.

Defendants dispute whether the MCPA and MOC are applicable to Defendants, but assuming for the sake of argument that both statutes apply to Defendants' conduct, Plaintiff's state claims fail for the same reason as Plaintiff's FDCPA claim. Plaintiff's claims are all premised on the same factual inaccuracy: that Defendants attempted to collect on the same debt twice. As explained in the preceding sections, the record establishes that there were two separate invoices for treatment received by two different patients at different times. Defendants did not attempt to collect on the same debt twice. Plaintiff owes two debts. Plaintiff has failed to plausibly allege a violation of the MCPA and MOC because Plaintiff has failed to demonstrate that Defendants made any false or

misleading statements in connection with their attempts to collect Plaintiff's second debt.

## VI. Conclusion

For the reasons stated, Defendants' Motion to Dismiss (ECF No. 12) is **GRANTED.** The Amended Complaint is **DISMISSED WITH PREJUDICE**. After Defendants moved to dismiss the original complaint, Plaintiff was fully aware of its patent defects but nevertheless filed an amended complaint suffering from the same infirmities, thus dismissal with prejudice is appropriate in this case. The Clerk is directed to close the case.

DATED this 7th day of January, 2020.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge