UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ANGEL R BEVERLY**, <br><br> Plaintiff, <br><br> vs. <br><br> **SHERMETA LAW GROUP, PLLC, WILLIAM BEAUMONT HOSPITAL A/K/A BEAUMONT HEALTH SYSTEM**, <br><br> Defendants. | 2:19-CV-11473-TGB <br><br><br> **ORDER DENYING MOTION FOR SANCTIONS** |

The Court dismissed this matter with prejudice on January 10, 2020. ECF No. 16. Defendants seek an attorney fee award under 28 U.S.C. § 1927, arguing that Plaintiff's counsel unreasonably multiplied proceedings in this matter. Though Plaintiff's claim was meritless, the Court does not find that a sanction is warranted on the facts before the Court.

### I.  Contentions

Defendants contend that Plaintiff unreasonably and vexatiously multiplied proceedings in this matter, in violation of 28 U.S.C. § 1927. ECF No. 17. Defendants ask the Court to award them $15,573.60 in attorney's fees against Plaintiff. *Id*. at PageID.193. Defendants assert

that after Plaintiff filed the first motion to dismiss, Defendants spoke with Plaintiff's counsel and explained the factual basis for the motion to dismiss: that there were two debts for two children and thus no double-billing. *Id.* at PageID.191. Defendants' counsel states that he "followed up with a detailed email and documents related to the debt in each lawsuit . . . . includ[ing] documents showing the full and complete account numbers for the two debts at issue in each underlying collection action and a request to dismiss the lawsuit so that Defendants do not continue to incur additional attorney's fees and costs." *Id.*

Plaintiff's counsel contends that at the time he filed the lawsuit he was not aware of all of the facts that would eventually become known to him regarding the nature of his client's debts, and he asserts that had the case not been dismissed before discovery, there may have been a different outcome. ECF No. 19, PageID.288.

## II. Legal Standard

Section 1927 provides that:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. In this Circuit, "the mere finding that an attorney failed to undertake a reasonable inquiry into the basis for a claim does not automatically imply that the proceedings were intentionally or unreasonably multiplied." *Ridder v. City of Springfield*, 109 F.3d 288, 298 (6th Cir. 1997). Instead, "[t]here must be some conduct on the part of the subject attorney that trial judges, applying the collective wisdom of their experience on the bench, could agree falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party." *In re Ruben*, 825 F.2d 977, 984 (6th Cir. 1987).

### III. Discussion

Since the plain language of the statute only penalizes attorneys who vexatiously and unreasonably "multiply" proceedings, Courts generally do not impose sanctions under 28 U.S.C. § 1927 based on the filing of an initial complaint that turns out to be meritless. Defendants cite *Ridder* for the opposite proposition, but this Court reads *Ridder* to be affirming a sanction for the five years of legal wrangling that resulted from the filing of the initial complaint—not for the filing of the initial complaint itself. *See Ridder*, 109 F.3d at 298; *see also Jensen v. Phillips*

*Screw Co.*, 546 F.3d 59, 65 (1st Cir. 2008) ("[W]e join an unbroken band of cases across the courts of appeals holding that a lawyer cannot violate section 1927 in the course of commencing an action."); *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 435 (9th Cir. 1996) ("The filing of a complaint may be sanctioned pursuant to Rule 11 or a court's inherent power, but it may not be sanctioned pursuant to § 1927."); *Steinert v. Winn Group, Inc.*, 440 F.3d 1214, 1224 (10th Cir. 2006); *MEMC Elec. Mat'ls, Inc. v. Mitsubishi Mat'ls Silicone Corp.*, 420 F.3d 1369, 1382 (Fed. Cir. 2005); *DeBauche v. Trani*, 191 F.3d 499, 511 (4th Cir. 1999); *Zuk v. E. Pa. Psych. Inst.*, 103 F.3d 294, 297 (3d Cir. 1996). Here, Plaintiff's attorney asserts that he was unaware of all of the underlying facts regarding his client's debts at the time he filed the initial complaint, and the confusion that took place in state court before the filing of this action seems to support that contention. Moreover, this Court agrees with numerous other courts that have addressed the issue head-on in finding that the plain reading of Section 1927 does not permit an attorney's fee award based on the filing of Plaintiff's initial complaint.

With regard to the amended complaint, the amended complaint contained the same underlying factual allegations as the original

complaint, but added an argument that *res judicata* barred Defendants from collecting on the second debt. *See* Am. Comp. ¶ 18, ECF No. 11, PageID.82. Defendants assert that by the time Plaintiff filed the amended complaint, Plaintiff should have known that the underlying claim was baseless, since Defendants detailed the nature of the two debts in communications with Plaintiff's counsel before the amended complaint was filed. ECF No. 17, PageID.191. Plaintiff's counsel's decision to forge ahead with the amended complaint in light of the factual evidence provided by Defendants was questionable at best, but the Court finds that it falls short of sanctionable.

First, the amended complaint asserted for the first time that *res judicata* barred Defendants' attempt to collect on the second debt, making it an illegal attempt to collect that debt. That argument failed because, as explained in the Court's January 10, 2020 Order, it had no merit. But if advancing meritless arguments were enough to justify sanctions, the entire field of discovery-related motions practice would be a lucrative engine for generating attorney's fees. Though the argument was weak and ill-considered, it does not warrant an attorney fee award under Section 1927.

Second, Plaintiff's counsel asserts that had this case progressed to discovery, it may have led to a different outcome. ECF No. 19, PageID.288. Not likely. Indeed it is possible that Plaintiff might be more liable for sanctions if the case *had* proceeded to discovery, because more time, effort, and cost would have been sunk into a complaint that was based on a misreading of two invoices. Plaintiff is fortunate that the billing records clearly caused confusion for both parties while this matter was in state court; that confusion might explain the initial filing of the complaint. But by the time Plaintiff filed the amended complaint in federal court, the record was clear: there was no double billing. While the Court is not prepared to conclude on this record that counsel's conduct "multiplie[d] the proceedings . . . unreasonably and vexatiously," the question is a close one and Plaintiff's counsel should take heed of the swish of a passing arrow that narrowly missed his purse. In a word, watch it: the next motion like this, if there ever is one after similar conduct, may find its target.

## IV. Conclusion

For the reasons cited herein, the Court does not find that an attorney fee award is warranted under Section 1927. The Motion for Sanctions (ECF No. 17) is **DENIED**.

DATED this 15th day of May, 2020.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge